UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

**This Document Relates to:**

*Billie Jean Friend, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:13-cv-60041-DRH-SCW

### ORDER

**HERNDON, Chief Judge:**

#### I.  INTRODUCTION

The plaintiffs' motion to remand this action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, for lack of subject matter jurisdiction (Doc. 15) is presently before the Court. The defendant, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") is opposed (Doc. 18).[1] BIPI has also filed a motion to sever (Doc. 7) to which the plaintiffs' are opposed (Doc. 14). BIPI filed an additional brief regarding their motion to sever (Doc. 19) and has filed a motion for oral argument (Doc. 21). The plaintiffs indicated during a recent status conference that they do not feel oral argument is necessary.

---

[1] The plaintiffs have also filed a reply in support of their motion to remand (Doc. 22).

## I.  BACKGROUND

This is a multi-plaintiff action originally brought in Missouri State Court against Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") (a citizen of Delaware and Connecticut) and Boehringer Ingelheim International GMBH ("BII") (a citizen of the foreign state of Germany) (Doc. 1 ¶¶ 12-13). The plaintiffs are citizens of Missouri, Indiana, New York, Connecticut, Illinois, Ohio, California, and Colorado (Doc. 1-1 ¶¶ 9-20), The plaintiffs have no connection with one another – each received medication prescribed by different doctors, dispensed by different pharmacies, at different times, and in different locations. Further, the plaintiffs who are citizens of states other than Missouri do not appear to have any connection with the forum.

BIPI removed the action to the United States District Court for the Eastern District of Missouri. BIPI contends that removal is appropriate because the plaintiffs have been misjoined. BIPI contends that the Connecticut plaintiff has been "improperly and/or fraudulently misjoined" and that her citizenship should be disregarded (Doc. 1 ¶ 15). The plaintiffs contend joinder is proper, arguing that what BIPI knew, what it disclosed to the plaintiffs' prescribing physicians, the contents of the marketing materials and the contents of warnings "makes up a common universe of facts underlying Plaintiffs' claims" (Doc. 16 p. 3). BIPI has also filed a motion to sever. BIPI contends that that the Court should deny remand, then the Court should either sever the only non-diverse plaintiff (the Connecticut citizen) from the action and remand her case to Missouri state court or, alternatively, drop the Connecticut citizen from the case.

The action was transferred to this Court in December 2012 with the parties' motions for remand, severance, and oral argument pending.

### III.    LAW AND APPLICATION

Under the removal statute, defendants may remove an action from state court if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubts in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). BIPI bases removal on diversity jurisdiction, which requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332.

The monetary threshold is undisputed. However, to summarize this dispute in the simplest of terms, on the face of the complaint we have a single plaintiff and a defendant, BIPI, who are both citizens of Connecticut. BIPI's solution to this jurisdictional blockade is to sever and remand the claims of the Connecticut citizen, while retaining jurisdiction over the claims of the remaining plaintiffs. BIPI relies upon the doctrine of "procedural misjoinder," also knows as "fraudulent misjoinder," first recognized in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), and since rejected by this Court in *Sabo v. Dennis Techs., LLC,* 2007 WL 1958591 (S.D. Ill. July 2, 2007) (Herndon, J.) and

*In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* 779 F. Supp. 2d 846, 853 (S.D. Ill. 2011) (Herndon, C.J.), and also by several other District Judges in this District. *See e.g. Rutherford v. Merck Co.,* 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) (Murphy, J.); *Aranda v. Walgreen Co.*, 2011 WL 3793648 (S.D. Ill. Aug. 24, 2011) (Gilbert, J.).

Fraudulent joinder, which the Seventh Circuit has recognized, "occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in the pleading." *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). "In determining whether there is diversity of citizenship, fraudulently joined parties are disregarded." *Id.*

In contrast, procedural misjoinder, which the Seventh Circuit has not had occasion to discuss, typically invokes a defendant's argument that a plaintiff's complaint has egregiously misjoined unrelated, non-fraudulent claims of non-diverse plaintiffs, in an attempt to avoid federal court. *See Tapscott,* 77 F.3d at 1360. Thus, the doctrine of procedural misjoinder requires a court to evaluate the applicable permissive joinder rules.

This Court has extensively discussed its reasoning in respectfully declining to recognize the doctrine of procedural misjoinder. *See Sabo,* 2007 WL 1958591 at *6-8; *In re Yasmin,* 779 F. Supp. 2d at 853-857. To summarize, this Court feels that recognition of such a doctrine acts as an improper expansion of subject matter jurisdiction, as misjoinder under the applicable permissive joinder rules is a matter to be resolved first at the state level. Joinder of non-fraudulent claims

does not appear to this Court to implicate subject matter jurisdiction. Additionally, the need for clear and precise jurisdictional rules weighs against this Court's recognition of procedural misjoinder. *See id.*[2]

Notably, this Court shares BIPI's frustrations concerning plaintiffs' joinder of seemingly unrelated claims in an apparent attempt to avoid the MDL procedure. Due to this Court's extensive MDL experience, it fully appreciates the efficiency and benefits associated with the MDL. However, BIPI has not met its burden of demonstrating subject matter jurisdiction exists. This Court follows the reasoning of its previous orders and once again declines to recognize the doctrine of procedural misjoinder until such time as it is endorsed by the Seventh Circuit or Supreme Court.

---

[2] With regard to BIPI's request for the Court to use Rule 21 to sever or drop a party, the Court notes that severance under this Rule is typically applied in cases originally brought in federal court. It is questionable whether Rule 21 may be used when a case is removed or if it can be used to "create" federal jurisdiction. Arguably, using Rule 21 in this manner would contravene Federal Rule of Civil Procedure 82 (warning against construing the Federal Rules of civil Procedure in a manner that extends or limits the jurisdiction of the district courts). The Seventh Circuit has not addressed the issue but at least one Seventh Circuit decision militates against the arguments proffered by BIPI. *See Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir. 2000) ("Even if the [non-diverse parties] were added to prevent removal, that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum. Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.").

## IV. CONCLUSION

For the reasons stated above, plaintiffs' motion to remand is **GRANTED** (Doc. 15). This case is hereby **REMANDED** to the Twenty-Second Judicial Circuit, St. Louis City, Missouri, for lack of subject matter jurisdiction. BIPI's motions for oral argument (Doc. 21) and for severance (Doc. 7) are **DENIED.**

SO ORDERED:

Digitally signed by David R. Herndon
Date: 2014.01.23 16:20:43 -06'00'

**Chief Judge**
**United States District Court**

Date:  January 23, 2014